## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAIMEON MOSLEY,

    Plaintiff,

v.

BED BATH & BEYOND INC., a New
York corporation,

    Defendant.

_____/

Case No. 2:18-cv-11640-TGB-APP

Hon. Terrence G. Berg

Magistrate Judge Anthony P. Patti

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Daimeon Mosley, through undersigned counsel, submits the following response to the Court's Order to Show Cause [Dkt. 4]:

1. Plaintiff filed his Complaint against Defendant on May 23, 2018.

2. A Waiver of Service was executed on July 3, 2018, by Michael Wilck, Senior Counsel for Defendant.

3. Defendant's responsive pleading was due on August 31, 2018.

4. Between June 29, 2018, and December 6, 2018, Plaintiff's counsel and Defendant's counsel exchanged over 30 e-mails and maintained contact regarding Defendant's investigation of the alleged architectural barriers at Defendant's stores.

1

5.      Prior to the August 31, 2018, responsive pleading deadline, Defendant's counsel informed Plaintiff's counsel that it was having difficulty with its landlords gathering information needed to advance settlement discussions.

6.      E. D. Mich. LR 41.2 allows this Court to dismiss a case if no action has been taken for a reasonable time, unless good cause is shown.

7.      The Sixth Circuit Court of Appeals has established the following four-part analysis to determine whether dismissal for failure to prosecute is warranted under Fed. R. Civ. P. 41(b), which may be applicable in this matter:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

> *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

8.      Counsel for both parties determined it would be in the best interest to continue working toward a settlement instead of engaging local counsel to respond to Plaintiff's Complaint.

9.      No parties in this case are prejudiced.

10.     A settlement in this matter was reached late in the day on December 6, 2018.

2

11.    Plaintiff believes that dismissal in this instance is not warranted due to the settlement of the parties, and the Court can achieve its interest in efficient management of its docket by setting a firm date for dismissal papers to be filed as requested in the Notice of Settlement [Dkt. 5].

WHEREFORE, Plaintiff requests that this Honorable Court order dismissal papers in this matter to be submitted by December 21, 2018.

Respectfully Submitted,

BLACKMORE LAW PLC

/s/ George T. Blackmore

George T. Blackmore (P76942)
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (248) 845-8594
E-mail: george@blackmorelawplc.com
*Counsel for Plaintiff*

Dated: December 7, 2018

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 7, 2018, I filed and served the foregoing on all

ECF participants via the court's CM/ECF system and first-class mail, postage

prepaid, addressed to the following non-ECF participants:

Michael H. Wilck
Senior Counsel
Bed Bath & Beyond
650 Liberty Ave
Union, New Jersey 07083

/s/ George T. Blackmore
George T. Blackmore (P76942)

4